UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CLAYTON SMITH,

      Plaintiff,

  v.

NANCY A. BERRYHILL, Commissioner
of Social Security,

      Defendant.

16-CV-862
DECISION & ORDER

---

On October 28, 2016, the plaintiff, Clayton Smith, brought this action under the Social Security Act ("the Act"). He seeks review of the determination by the Commissioner of Social Security ("Commissioner") that he was not disabled. Docket Item 1. On February 7, 2017, this Court referred this case to United States Magistrate Judge Hugh B. Scott for all proceedings under 28 U.S.C. § 636(b)(1)(B). Docket Item 9. On May 8, 2017, Smith moved for judgment on the pleadings, Docket Item 13; on September 19, 2017, the Commissioner cross-moved for judgment on the pleadings, Docket Item 20; and on October 11, 2017, Smith replied, Docket Item 21. On April 26, 2018, Judge Scott issued a Report and Recommendation ("R&R"), finding that the Commissioner's motion should be granted and that Smith's motion should be denied. Docket Item 22.

On May 10, 2018, Smith objected to the R&R, arguing that both the Administrative Law Judge ("ALJ") and Judge Scott failed to consider Smith's need for and receipt of supportive services. Docket Item 23. On May 31, 2018, the Commissioner responded to the objections. Docket Item 26.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a de novo review of those portions of a magistrate judge's recommendation to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully reviewed the thorough R&R, the record in this case, the objection and response, and the pleadings and materials submitted by the parties. Based on that review, the Court accepts and adopts Judge Scott's recommendation to deny Smith's motion and grant the Commissioner's cross-motion.

Both the ALJ and Judge Scott addressed in careful detail the findings of the various medical providers who examined Smith, and this Court finds no legal error in either of their analyses. Moreover, a district court does not review a disability determination de novo, *see Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998), but instead is to accept the Commissioner's findings of fact if they are supported by substantial evidence in the record, 42 U.S.C. § 405(g). Here, as Judge Scott found, those findings of fact are supported by substantial evidence—including the opinions and findings of Jill Hamilton, Ph.D., and Michael Santa Maria, Ph.D. Therefore, this Court cannot and will not disturb those findings of fact.

Furthermore, Smith's arguments to Judge Scott and his objections to this Court are largely conclusory and repetitive, basing his claims more on the testimony of Smith and his mother than on the medical evidence in the record. And contrary to Smith's assertions, the ALJ did not substitute his judgment for that of the medical providers, but instead based his conclusion on the medical evidence. If anything, Smith would have

2

this Court substitute its own medical assessment for that of those more qualified to make that assessment.

For the reasons stated above and in the Report and Recommendation, the plaintiff's motion for judgment on the pleadings, Docket Item 13, is DENIED; the defendant's cross-motion for judgment on the pleadings, Docket Item 20, is GRANTED; the complaint, Docket Item 1, is dismissed; and the Clerk of the Court is instructed to close the file.

SO ORDERED.

Dated: December 26, 2018
Buffalo, New York

    *s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE